UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| PATRICK LANCHAIS<br>    *Plaintiff,* | §<br>§<br>§ | |
| v. | §<br>§ | CASE NO. 5:17-cv-0140 |
| ALLSTATE FIRE AND CASUALTY<br>INSURANCE COMPANY<br>    *Defendant.* | §<br>§<br>§ | |

**DEFENDANT, ALLSTATE FIRE AND CASUALTY
INSURANCE COMPANY'S NOTICE OF REMOVAL**

Defendant, Allstate Fire and Casualty Insurance Company ("Allstate"), hereby removes this lawsuit which is currently pending in the County Court at Law No. 10, Bexar County, Texas, Cause No. 2017CV00338, to the United States District Court for the Western District of Texas, San Antonio Division, pursuant to 28 U.S.C. § 1332. In support, Defendant would respectfully show the Court as follows:

**I.
PARTIES**

1. Plaintiff, Patrick Lanchais, is an individual who resides in San Antonio, Bexar County, Texas.

2. Defendant, Allstate Fire and Casualty Insurance, is a foreign corporation incorporated under the laws of the State of Illinois and its principal place of business is in Cook County, Illinois.

**II.
BACKGROUND OF STATE COURT ACTION**

3. The State Court's Record Search including Case History for this matter is attached herein. *See* **Exhibit A**.

{00323040}

4.  On January 17, 2017, Plaintiff filed his Original Petition styled *Patrick Lanchais v. Allstate Fire and Casualty Insurance Company,* in the County Court at Law No. 10, Bexar County, Texas, Cause No. 2017CV00338.  *See* **Exhibit B** (Original Petition).

5.  Plaintiff served Defendant on January 25th, 2017, by certified mail through Defendant's registered agent, CT Corporation System. *See* **Exhibit C.**

6.  Defendant filed its answer to the suit on February 10, 2017, generally denying all claims. *See* **Exhibit D** (Original Answer).

7.  Plaintiff's Original Petition alleges that Defendant conducted a substandard investigation and inspection of Plaintiff's property, prepared a report that failed to include all of the damages present at the Plaintiff's home resulting from the April 25, 2016 storm, undervalued the damages observed during the inspection and denied and or underpaid Plaintiff's claim. *See* **Exhibit B** at pages 2-3.

8.  Plaintiff asserts causes of action for breach of contract, breach of duty of good faith and fair dealing, violations of Section 542 of the Texas Insurance Code, violations of Section 542.051 of the Texas Insurance Code (Prompt Payment Act), and violations of the Deceptive Trade Practices-Consumer Protection Act. *Id.* at pages 4-5. Plaintiffs allege Defendant acted knowingly and intentionally and seeks "additional damages as authorized by Section 17.50(b)(1) of the DTPA and Section 541 of the Texas Insurance Code". *Id.* at page 10.  Plaintiff further alleges that Defendant's breach of its duty of good faith and fair dealing was done intentionally and with a conscious indifference to the rights and welfare of the Plaintiff and with malice, which entitles the Plaintiff to exemplary damages. *Id.*

9.  This Notice of Removal is timely filed within thirty (30) days after receiving notice of the suit.  *See* 28 U.S.C. § 1446(b)(1).

## III.
## GROUNDS FOR REMOVAL

10. This Court has original jurisdiction of this suit based on 28 U.S.C. § 1332(a) because this suit involves a controversy between citizens of different states and there is complete diversity between the parties at the time of the filing of the suit and at the time of the removal. Further, the amount in controversy, exclusive of interest and costs exceeds $75,000.00.

*Parties are Diverse*

a. *Plaintiff's Citizenship*

11. A natural person is considered a citizen of the state where that person is domiciled, that is, where the person has a fixed residence, with the intent to remain there indefinitely. *See Freeman v. Northwest Acceptance Corp.,* 754 F.2d 553, 555 (5th Cir. 1985).

12. Here, Plaintiff's pleading asserts that his is a resident of Bexar County, Texas. *See* **Exhibit B** at page 1. Plaintiff has not pled any other facts of their residency, intention to leave Texas, or domiciles in other States. *Id.* Accordingly, Defendant asserts that absent the same, Plaintiff's citizenship at the time of the filing of the suit and at the time of removal is properly established as the State of Texas.

b. *Defendant Allstate Fire and Casualty Insurance Company*

13. As to Allstate, a corporation is considered a citizen of (1) every U.S. state and foreign state where it is incorporated, and (2) the U.S. state or foreign state where it has its principal place of business. 28 U.S.C. § 1332(c)(1). Allstate is a foreign corporation incorporated under the laws of the State of Illinois and its principal place of business is in Cook County, Illinois, located at 2775 Sanders Road, Northbrook, Illinois 60062. Accordingly, Allstate is a citizen of Illinois. *Id.*

*Amount in Controversy*

14. The party seeking federal jurisdiction must prove by a preponderance of the evidence that the amount in controversy exceeds $75,000.00. *Grant v. Chevron Phillips Chem. Co. L.P.,* 309 F.3d 864, 868 (5th Cir. 2002). The removing party may satisfy its burden by either (1) demonstrating that it is "facially apparent" from the petition that the claim likely exceeds $75,000.00, or (2) "by setting forth the facts in controversy – preferably in the removal petition, but sometimes by affidavit – that support a finding of the requisite amount." *Allen v. R & H Oil & Gas Co.,* 63 F.3d 1326, 1335 (5th Cir. 1995). If a defendant can produce evidence that establishes the actual amount in controversy exceeds the jurisdictional threshold, a plaintiff must be able to show that, to a legal certainty, he will not be able to recover more than the damages for which he has prayed in the state court complaint. *See De Aguilar v. Boeing Co.,* 47 F.3d 1404, 1409 (5th Cir. 1995).

    a.    <u>*Plaintiff's Petition*</u>

15. To determine the amount in controversy, the court may consider "policy limits . . . penalties, statutory damages, and punitive damages." *St. Paul Reinsurance Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998); *see Ray v. State Farm Lloyds*, No. CIV.A.3:98-CV1288-G, 1999 WL 151667, at *2-3 (N.D. Tex. Mar. 10, 1999) (finding a sufficient amount in controversy in plaintiff's case against his insurance company).

16. Here, Plaintiffs' petition seeks "actual damages, consequential damages, treble damages under the Texas Insurance Code and Texas Deceptive Trade Practices Act and all punitive, additional, and exemplary damages as may be found". *See* **Exhibit B**, page 11. Plaintiffs further requests the "award of attorney's fees for the trial of this case, costs of court, and prejudgment

and post judgment interest as allowed by law" *Id.*  Plaintiff's petition does not comply with the pleading requirements of the Texas Rules of Civil Procedure Rules 47(c).[1]

### b. *Plaintiff's Demand*

17. The Court may rely on "'summary judgment-type' evidence to ascertain the amount in controversy." *St. Paul Reins. Co. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998).  Courts have considered "pre-suit demand letters as such evidence in determining whether the Defendants have met the preponderance burden" in showing that the amount in controversy exceeds the jurisdictional threshold. *See Hartford Ins. Grp. v. Lou–Con Inc.*, 293 F.3d 908, 910–12 (5th Cir. 2002) (per curiam); *Greenberg*, 134 F.3d at 1254–55; *Wilson v. Berlin*, 20 F.3d 644, 651 n.8 (5th Cir. 1994); *Molina v. Wal–Mart Stores Tex., L.P.*, 535 F. Supp. 2d 805, 808 (W.D. Tex. 2008).

18. Here, the Plaintiff sent the Defendant a demand on November 16, 2016.  *See* **Exhibit E.** Despite demanding $45,000 for the full and complete settlement of the claim, the plaintiff outlined damages in his demand that he was allegedly entitled to, including the following:

- Contractual damages pursuant to Plaintiff's estimate - $16,339.45
- 18% Penalties (per year) - $363.44
- 5% Prejudgment interest - $100.95
- Bad Faith/Treble Damages - $28,712.37

---

[1] "An original pleading which sets forth a claim for relief, whether an original petition, counterclaim, cross-claim, or third party claim, shall contain:

    (c)    except in suits governed by the Family Code, a statement that the party seeks:

        (1) only monetary relief of $100,000 or less, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney fees; or
        (2) monetary relief of $100,000 or less and non-monetary relief; or
        (3) monetary relief over $100,000 but not more than $200,000; or
        (4) monetary relief over $200,000 but not more than $1,000,000; or
        (5) monetary relief over $1,000,000;"

- Attorney's Fees - $25,000

In sum, the Plaintiff asserted his entitlement to damages totally $63,747.55, after a reduction of $1,230 deductible and $5,538.66 prior payment by the Defendant during the claim. *Id.* Plaintiff's demand does not include any potential damages for additional, exemplary and punitive damages, although Plaintiff's petition seeks such damages. The potential amount of such damages, when added damages identified in Plaintiff's demand ($63,747.55), will surely exceed the $75,000 jurisdictional threshold.

    c.    <u>*Plaintiff's Insurance Policy with Allstate*</u>

19.    In determining the amount in controversy relative to coverage under an insurance policy, the Fifth Circuit in *St. Paul Reinsurance Co. v. Greenberg,* defined the "object of the litigation" as the "value of the right to be protected." 134 F. 3d 1250 (5th Cir. 1998)(declaratory judgment action); *see also Noyola v. State Farm Lloyds,* No. 7:13-CV-146, 2013 WL 3353963 (W.D. Tex. 2013)(applying *St. Paul Reinsurance Co.* analysis to breach of contract case arising from hailstorm damage claim).

20.    In *Hartford Ins. Group v. Lou-Con Inc.,* the Fifth Circuit specified that for claims involving the applicability of the insurance policy to a particular occurrence, the amount in controversy is measured by the "value of the underlying claim." 293 F.3d 908, 911 (5th Cir. 2000). As detailed below, Plaintiff's breach of contract claim alone implicates that the value of the underlying claim is in excess of the jurisdictional limits. When combined with the extra-contractual, statutory, exemplary, additional and punitive damages alleged, the amount is well-above the threshold.

21. The subject homeowners' policy forms the contractual basis for Plaintiffs' breach of contract claim. *See* **Exhibit B,** page 5. The policy provides the following limits of liability coverage to Plaintiff's property at issue as follows:

- Dwelling – $123,000
- Other Structures – $12,300
- Personal Property – $73,800

*See* **Exhibit F** (Certified policy).

22. Accordingly, the limits for the dwelling alone, without combining with the additional applicable property coverages under the policy, implicate an amount in controversy above the jurisdictional threshold. It this policy which serves as the basis of Plaintiffs' breach of contract claim. *See Noyla,* 2013 WL 3353963, at *3 (noting plaintiff's breach of contract claim facially implicated the limits of the policy).

    d.    *The Appraisal Value of Plaintiff's Property*

23. Further indication of the value of the underlying claim is the value of the property in dispute. The insured property, identified as 8018 Dorset, San Antonio, Texas 78216, in Plaintiff's Original Petition, is appraised by Bexar County Appraisal District at $91,110 for the 2016 tax year. *See* **Exhibit G**.

24. Taking into consideration the ambiguous pleading, the Plaintiff's demand, the policy limits applicable to this specific occurrence, the value of the property at issue, the breach of contract claim directly asserted in the petition, as well as statutory penalties, attorney's fees, additional damages, exemplary damages, and punitive damages it is clear that the amount in controversy is in excess of $75,000.

## IV.
## VENUE

25. Venue is proper in this Court under 28 U.S.C. § 1441(a) because this District and Division of this Court embraces Bexar County, Texas, the place where the State Court suit was filed.

WHEREFORE, Defendant Allstate Fire and Casualty Insurance Company requests that the Court accept jurisdiction over this case against them for the reasons set forth above, and grant Defendant any such other and further relief to which they show themselves justly entitled.

Respectfully submitted,

**VALDEZ & TREVIÑO, ATTORNEYS AT LAW, P.C.**
Plaza Las Campanas
1826 N. Loop 1604 W, Ste. 275
San Antonio, Texas 78248
Phone: 210–598–8686
Fax: 210–598–8797

   /s/ Robert E. Valdez
**Robert E. Valdez**
State Bar No. 20428100
revaldez@valdeztrevino.com
**Nicholas D. Smith**
State Bar No. 24093175
nsmith@valdeztrevino.com
*Counsel for Defendant*

**CERTIFICATE OF SERVICE**

      I do hereby certify that the foregoing instrument was served on the following counsel this 22nd day of February 2017, pursuant to the Federal Rules of Civil Procedure, via electronic service:

Clay W. Morgan
JACOB JORDAN, PLLC
12703 Spectrum Drive, Suite 200
San Antonio, Texas 78249
*Counsel for Plaintiff*

                                                                   /s/ Nicholas D. Smith
                                                           **Nicholas D. Smith**