# EXHIBIT B

E-FILED
Bexar County, County Clerk
Gerard Rickhoff
Accepted Date: 1/17/2017 2:22:52 PM
Accepted By: MICHAEL TREVINO
/s/ MICHAEL TREVINO
Deputy Clerk

CAUSE NO. 2017CV00338·

PATRICK LANCHAIS                §      IN THE COUNTY COURT
                                §
VS.                             §
                                §                   NO. CC# 10
ALLSTATE FIRE AND CASUALTY      §
INSURANCE COMPANY               §      BEXAR COUNTY, TEXAS

## PLAINTIFF'S ORIGINAL PETITION, REQUEST FOR DISCLOSURE AND REQUST FOR PRODUCTION

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES PATRICK LANCHAIS (hereinafter referred to as "Plaintiff"), complaining of Defendant, ALLSTATE FIRE AND CASUALTY INSURANCE COMPANY, (hereinafter referred to as "Defendant") and hereby respectfully shows unto the Court and Jury as follows:

### I. DISCOVERY CONTROL PLAN

Plaintiff intends for discovery to be conducted under Level 3 of Rule 190 of the Texas Rules of Civil Procedure. This case involves complex issues and will require extensive discovery. Therefore, Plaintiff asks the Court to order that discovery be conducted in accordance with a discovery control plan tailored to the particular circumstances of this suit.

### II. PARTIES

Plaintiff, PATRICK LANCHAIS, is a resident of Bexar County, Texas.

Defendant, ALLSTATE FIRE AND CASUALTY INSURANCE COMPANY is a foreign company licensed by the Texas Department of Insurance. Defendant may be served with process upon its registered agent: C T Corporation System located at 1999 Bryan Street, ste 900, Dallas, Texas 75201 or wherever it may be found. **Service of process via certified mail, return receipt requested, is requested at this time.**

### III. JURISDICTION AND VENUE

This Court has Jurisdiction over this case in that the amount in controversy exceeds the minimum jurisdictional limits of this Court.

Venue is mandatory and proper in Bexar County, Texas, because all or a substantial part of the events giving rise to the lawsuit occurred in this county *(see* Tex. Civ. Prac. & Rem. Code § 15.002) and the insured property that is the basis of this lawsuit is located in Bexar County, Texas.

### IV. CONDITIONS PRECEDENT

All conditions precedent to recovery have been performed, waived, or have occurred.

### V. FACTS

1.      Plaintiff is the owner of an insurance policy, Policy Number 986624171, issued by Defendant ALLSTATE FIRE AND CASUALTY INSURANCE COMPANY (hereinafter referred to as the "Policy").

2.      Plaintiff owns the insured property which is specifically located at 8018 Dorset, San Antonio, TX 78216-6645 (hereinafter referred to as the "Property").

3.      Defendant ALLSTATE FIRE AND CASUALTY INSURANCE COMPANY or its agent sold the Policy, insuring the Property, to Plaintiff.

4.      On or about April 25, 2016, severe weather, including severe winds and hail, struck San Antonio, Texas causing severe damage to homes and businesses throughout the area, including Plaintiff's home. Plaintiff submitted a claim to Defendant ALLSTATE FIRE AND CASUALTY INSURANCE COMPANY against the Policy for damages to the Property sustained as a result of the April 25, 2016 storm. Defendant assigned claim number 0416155836. After inspecting the home twice, Defendant improperly denied the claim and/or underpaid the claim. Defendant ALLSTATE FIRE AND CASUALTY INSURANCE COMPANY and its adjusters, conducted a substandard investigation and inspection of the property, prepared a report that failed to include

2

all of the damages present at the Plaintiff's home resulting from the April 25, 2016 storm, and undervalued the damages observed during the inspection. The named Defendant's unreasonable investigation led to the denial and/or underpayment of Plaintiff's claim.

5.    Defendant ALLSTATE FIRE AND CASUALTY INSURANCE COMPANY and its adjusters, performed an outcome oriented investigation of Plaintiff's claims, which resulted in a biased and unfair evaluation of the damage to Plaintiff's property.

6.    Defendant misrepresented to Plaintiff that the damage to the Property was not covered under the Policy, even though the damage was caused by a covered occurrence. Defendant's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE Section 541.060(a)(1).

7.    Defendant ALLSTATE FIRE AND CASUALTY INSURANCE COMPANY failed to make an attempt to settle Plaintiff's claims in a fair manner, although it was aware of its liability to Plaintiff under the Policy. Defendant's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE Section 541.060 (a)(2)(A).

8.    Defendant ALLSTATE FIRE AND CASUALTY INSURANCE COMPANY failed to affirm or deny coverage of Plaintiff's claim within a reasonable time. Specifically, Plaintiff did not receive timely indication of acceptance or rejection, regarding the full and entire claim or portions of the claim, in writing from Defendant. Defendant's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE Section 541.060(a)(4).

9.    Defendant ALLSTATE FIRE AND CASUALTY INSURANCE COMPANY refused to fully compensate Plaintiff, under the terms of the Policy, even though Defendant failed to conduct a reasonable investigation. Specifically, Defendant performed an outcome-oriented investigation of Plaintiff's claims, which resulted in a biased, unfair and inequitable evaluation of Plaintiff's

3

losses to the Property. Defendant's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE Section 541.060 (a)(7).

10.     Defendant ALLSTATE FIRE AND CASUALTY INSURANCE COMPANY failed to meet its obligations under the Texas Insurance Code regarding timely acknowledging Plaintiff's claims, beginning an investigation of Plaintiff's claims and requesting all information reasonably necessary to investigate Plaintiff's claims within the statutorily mandated deadline. Defendant's conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims, TEX. INS. CODE Section 542.055.

11.     Defendant ALLSTATE FIRE AND CASUALTY INSURANCE COMPANY failed to accept or deny Plaintiff's full and entire claims or portions of the claims within the statutory mandated deadline after receiving all necessary information. Defendant's conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE Section 542.056.

12.     Defendant ALLSTATE FIRE AND CASUALTY INSURANCE COMPANY failed to meet its obligations under the Texas Insurance Code regarding payment of claims without delay. Specifically, Defendant has delayed full payment of Plaintiff's claims longer than allowed and, to date, Plaintiff has not yet received payment for his claims. Defendant's conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims, TEX. INS. CODE Section 542.058.

13.     From and after the time Plaintiff's claims were presented to Defendant NATIONAL LLOYDS INSURANCE COMPANY, the liability of Defendant to pay the full claims in accordance with the terms of the Policy was reasonably clear. However, Defendant has refused to pay Plaintiff in full, despite there being no basis whatsoever on which a reasonable insurance

4

company would have relied to deny the full payment. Defendant's conduct constitutes a breach of the common law duty of good faith and fair dealing.

14.     As a result of Defendant's wrongful acts and omissions, Plaintiff was forced to retain the professional services of the attorney and law firm who is representing Plaintiff with respect to these causes of action.

## VI. THEORIES OF LIABILITY

### A. Cause of Action for Breach of Contract

15.     Plaintiff re-alleges and incorporates by reference all previous and subsequent paragraphs herein.

16.     Defendant ALLSTATE FIRE AND CASUALTY INSURANCE COMPANY had a contract of insurance with the Plaintiff. ALLSTATE FIRE AND CASUALTY INSURANCE COMPANY breached the terms of that contract by wrongfully denying and/or underpaying the claim and Plaintiff was damaged as a result.

### B. Cause of Action for Violation of Section 542

17.     Plaintiff re-alleges and incorporates by reference all previous and subsequent paragraphs herein.

18.     The failure of Defendant ALLSTATE FIRE AND CASUALTY INSURANCE COMPANY to pay for the losses and/or to follow the statutory time guidelines for accepting or denying coverage constitutes a violation of Article 542.051 *et seq.* of the Texas Insurance Code.

19.     In addition, Plaintiff is therefore entitled to 18% interest and attorneys' fees as set forth in Article 542.060 of the Texas Insurance Code.

### C. DTPA Cause of Action

20.     Plaintiff re-alleges and incorporates by reference all previous and subsequent paragraphs herein.

21.     Plaintiff incorporate all the allegations in this petition for this cause of action against
Defendant under the provisions of the DTPA. Plaintiff is a consumer of goods and services
provided by Defendant pursuant to the DTPA. Plaintiff has mèt all conditions precedent to bringing
this cause of action against Defendant. Specifically, Defendant's violations of the DTPA include,
without limitation, the following matters:

By its acts, omissions, failures, and conduct that are described in this petition, Defendant
has violated Sections 17.46 (b)(2), (5), (7), (9), (12) and (24) of the DTPA. In this respect,
Defendant's violations include, without limitation, (1) its unreasonable delays in the investigation,
adjustment and resolution of Plaintiff's claims, (2) its failure to give Plaintiff the benefit of the
doubt, and (3) its failure to pay for the proper repair of Plaintiff's home on which liability had
become reasonably clear.

As described in this petition, Defendant represented to Plaintiff that his insurance policy
and Defendant's adjusting and investigative services had characteristics or benefits that it did not
have, which gives Plaintiff the right to recover under Section 17.46 (b)(5) of the DTPA;

As described in this petition, Defendant represented to Plaintiff that his insurance policy
and Defendant's adjusting and investigative services were of a particular standard, quality, or grade
when they were of another in violation of Section 17.46 (b)(7) of the DTPA;

As described in this petition, Defendant advertised its insurance policy and adjusting and
investigative services with intent not to sell them as advertised in violation of Section 17.46 (b)(9)
of the DTPA;

A.      As described in this petition, Defendant represented to Plaintiff that its insurance
        policy and Defendant's adjusting and investigative services conferred or involved
        rights, remedies, or obligations that it did not have, which gives Plaintiff the right to
        recover under Section 17.46 (b)(12) of the DTPA;

6

B.   As described in this petition, Defendant failed to disclose information concerning goods or services which were known at the time of the transaction and such failure to disclose was intended to induce Plaintiff into a transaction into which the Plaintiff would not have entered had the information been disclosed, which gives Plaintiff the right to recover under Section 17.46 (b)(24) of the DTPA;

C.   Defendant has breached an express warranty that the damage caused by the incidents described above would be covered under the insurance policies. This breach entitles Plaintiff to recover under Sections 17.46 (b)(12) and (19) and 17.50 (a)(2) of the DTPA;

D.   Defendant's actions, as described in this petition, are unconscionable in that it took advantage of Plaintiff's lack of knowledge, ability, and experience to a grossly unfair degree. Defendant's unconscionable conduct gives Plaintiff the right to relief under Section 17.50(a)(3) of the DTPA; and

E.   Defendant's conduct, acts, omissions, and failures, as described in this petition, are unfair practices in the business of insurance in violation of Section 17.50 (a)(4) of the DTPA.

All of the above-described acts, omissions, and failures of Defendant are a producing cause of Plaintiff's damages that are described in this petition. All of the above-described acts, omissions, and failures of Defendant were done knowingly and intentionally as those terms are used in the Texas Deceptive Trade Practices Act.

**D. Cause of Action for Unfair Insurance Practices**

22.   Plaintiff re-alleges and incorporates by reference all previous and subsequent paragraphs herein.

7

23.    Plaintiff incorporates all the allegations in this petition for this cause of action against Defendant under the Texas Insurance Code. Plaintiff has satisfied all conditions precedent to bringing this cause of action. By its acts, omissions, failures, and conduct, Defendant has engaged in unfair and deceptive acts or practices in the business of insurance in violation of Chapter 541 of the Texas Insurance Code. Such violations include, without limitation, all the conduct described in this petition plus Defendant's unreasonable delays in the investigation, adjustment, and resolution of Plaintiff's claim and Defendant's failure to pay for the proper repair of Plaintiff's home on which liability had become reasonably clear. They further include Defendant's failure to give Plaintiff the benefit of the doubt. Specifically, Defendant is guilty of the following unfair insurance practices:

A.    Engaging in false, misleading, and deceptive acts or practices in the business of insurance in this case;

B.    Engaging in unfair claims settlement practices;

C.    Misrepresenting to Plaintiff pertinent facts or policy provisions relating to the coverage at issue;

D.    Not attempting in good faith to effectuate a prompt, fair, and equitable settlement of claims submitted in which liability has become reasonably clear;

E.    Failing to affirm or deny coverage of Plaintiff's claims within a reasonable time;

F.    Refusing to pay Plaintiff's claims without conducting a reasonable investigation with respect to the claim; and

G.    Failing to provide promptly to a policyholder a reasonable explanation of the basis in the insurance policy in relation to the facts or applicable law for the denial of a claim or for the offer of a company's settlement.

8

Defendant has also breached the Texas Insurance Code when it breached its duty of good faith and fair dealing. Defendant's conduct as described herein has resulted in Plaintiff's damages that are described in this petition.

All of the above-described acts, omissions, and failures of Defendant were done knowingly as that term is used in the Texas Insurance Code.

**E. Cause of Action for Breach of Duty of Good Faith and Fair Dealing**

24. Plaintiff re-alleges and incorporates by reference all previous and subsequent paragraphs herein.

25. Plaintiff incorporates all the allegations of the preceding paragraphs for this cause of action. By its acts, omissions, failures and conduct, Defendant ALLSTATE FIRE AND CASUALTY INSURANCE COMPANY has breached its common law duty of good faith and fair dealing by failing to pay the proper amounts on Plaintiff's claims without any reasonable basis and by failing to conduct reasonable investigations to determine whether there was a reasonable basis for these denials. Defendant has also breached this duty by unreasonably delaying payment of Plaintiff's claims and by failing to settle Plaintiff's claims because Defendant knew or should have known that it was reasonably clear that the claims were covered.

These acts, omissions, failures, and conduct of Defendant are a proximate cause of Plaintiff's damages.

## VII. WAIVER AND ESTOPPEL

26. Defendant has waived and is estopped from asserting any coverage defenses, conditions, exclusions, or exceptions to coverage not contained in any reservation of rights letter to Plaintiff.

## VIII. DAMAGES

27.     The above described acts, omissions, failures and conduct of Defendant has caused Plaintiff's damages which include, without limitation, the cost to properly repair Plaintiff's home and any investigative and engineering fees incurred in the claim. Plaintiff is also entitled to recover consequential damages from Defendant's breach of contract. Plaintiff is also entitled to recover the amount of his claim plus an 18% per annum penalty on that claim against Defendant as damages under Chapter 542 of the Texas Insurance Code, plus prejudgment interest and attorneys' fees. All the damages described in this petition are within the jurisdictional limits of the Court.

## IX. ADDITIONAL DAMAGES

28.     Defendant has also "knowingly" and "intentionally" committed deceptive trade practices and unfair insurance practices as those terms are defined in the applicable statutes. Because of Defendant's knowing and intentional misconduct, Plaintiff is entitled to additional damages as authorized by Section 17.50(b)(1) of the DTPA. Plaintiff is further entitled to the additional damages that are authorized by Section 541 of the Texas Insurance Code.

## X. EXEMPLARY DAMAGES

29.     Defendant's breach of its duty of good faith and fair dealing owed to Plaintiff was done intentionally, with a conscious indifference to the rights and welfare of Plaintiff, and with "malice" as that term is defined in Chapter 41 of the Texas Civil Practice and Remedies Code. These violations by Defendant are the type of conduct which the State of Texas protects its citizen against by the imposition of exemplary damages. Therefore, Plaintiff seeks the recovery of exemplary damages in an amount to be determined by the finder of fact that is sufficient to punish Defendant for its wrongful conduct and to set an example to deter Defendant and others similarly situated from committing similar acts in the future.

## XI. ATTORNEYS' FEES

10

30.     As a result of Defendant's conduct that is described in this petition, Plaintiff has been forced to retain the undersigned attorneys to prosecute this action and has agreed to pay reasonable attorneys' fees. Plaintiff is entitled to recover these attorneys' fees under Chapter 38 of the Texas Civil Practices and Remedies Code, Chapters 541 and 542 of the Texas Insurance Code, and Section 17.50 of the DTPA.

## XII. JURY DEMAND

31.     Plaintiff asserts his right to a trial by jury, under Texas Constitution Article 1, Section 15, and makes this demand for a jury trial at least 30 days before the date this case is set for trial, in accordance with Texas Rule of Civil Procedure 216. Plaintiff tenders the fee of $40.00, as required by Texas Government Code Section 51.604 and the local rules.

## XIII. REQUEST FOR DISCLOSURE AND REQUEST FOR PRODUCTION

32.     Plaintiff requests that the Defendant respond to the disclosures mandated by Rule 194 of the Texas Rules of Civil Procedure within fifty (50) days of their receipt of this petition.

33.     Plaintiff also serves the following Request for Production on Defendant:

REQUEST FOR PRODUCTION NO. 1

Produce all claim file material, including photographs, correspondence, estimates, invoices, hand written notes, loss reports and other documents related to claim number 0416155836 (date of loss 4-25-16)

RESPONSE:

## XIV. PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that Defendant be cited to appear and answer herein, and that upon trial hereof, said Plaintiff has and recover such sums as would reasonably and justly compensate him in accordance with the rules of law and procedure, both as to actual damages, consequential damages, treble damages under the Texas Insurance Code

and Texas Deceptive Trade Practices Act, and all punitive, additional, and exemplary damages as
may be found. In addition, Plaintiff requests the award of attorney's fees for the trial and any appeal
of this case, for all costs of court, for prejudgment and post judgment interest as allowed by law,
and for any other and further relief, at law or in equity, to which they may show themselves to be
justly entitled.

Respectfully submitted,

JACOB JORDAN, P.L.L.C.
12703 Spectrum Drive, Suite 200
San Antonio, Texas 78249
(210) 598-7950 Telephone
(210) 598-7951 Facsimile

CLAY W. MORGAN
State Bar No. 24041526
cmorgan@jacobjordanlaw.com

ATTORNEYS FOR PLAINTIFF,
PATRICK LANCHAIS